**FILED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

DEC 1 5 2003

LARRY W. PROPES, CLERK
CHARLESTON, SC

(1) CARL ALEXANDER, JR., a fifteen-year-old minor, by his next friends and guardians, Ronald Stafford and Sharon Stafford; )

2  03  3943  23

(2) RODNEY GOODWIN, a fifteen-year-old minor, by his next friend and mother, Tamara L. London; )

(3) SAMUEL ODY, III, a seventeen-year-old minor, by his next friends and guardians, Nathaniel L. Ody, Jr. and Dolores Ody; )

(4) MICAH BRYANT, a seventeen-year-old minor, by his next friend and mother, Brenda Bryant; )

(5) MARCUS BLAKENEY, a fifteen-year-old minor, by his next friend and mother, Henrietta G. Blakeney; )

Case No.

(6) DANYIELLE ASHLEY CILLS, a fourteen-year-old minor, by her next friend and mother, Naomi V. Cills; )

COMPLAINT
JURY DEMAND

(7) CEDRIC PENN, JR., a fifteen-year-old minor, by his next friend and mother, Tina Penn; )

(8) ELIJAH LE'QUAN SIMPSON, a fourteen-year-old minor, by his next friends and guardians, Elijah Simpson and LaTise' Simpson; )

(9) JEREMY BOLGER, a fifteen-year-old minor, by his next friend and father, Charles H. Bolger; )

(10) TRISTAN CILLS, a fourteen-year-old minor, by his next friend and mother, Naomi V. Cills; )

(11) ARIELLE PEÑA, a fourteen-year-old minor, by her next friend and mother, Barbara Peña; )

(12) JALANIA MCCULLOUGH, a seventeen-year-old minor, by her next friend and mother, Cordelia A. Ned; )

(13) CEDRIC SIMMONS, a sixteen-year-old minor, by his next friend and mother, Latonia Simmons; )

(14) NATHANIEL SMALLS, a fifteen-year-old minor, by his next friend and mother Sharon Smalls; )

(15) TIMOTHY C. RICE, a fifteen-year-old minor, by his next friend and mother RaGina Morris;

(16) SHNIKQUA SIMMONS, a fifteen-year-old minor, by her next friend and mother Latonia Simmons;

(17) JOSHUA K. ODY, a sixteen-year-old minor, by his next friends and guardians, Nathaniel L. Ody, Jr. and Dolores Ody;

(18) DE'NEA DYKES, a sixteen-year-old minor, by her next friend and mother, La'Shell Marie Fayall;

(19) CHERNIQUA BRYANT, a fifteen-year-old minor, by her next friend and mother, Brenda Bryant;

(20) RODRICUS PERRY, an eighteen-year-old, by his next friend and mother, Justine Evans

       Plaintiffs,

          v.

(1) GOOSE CREEK POLICE DEPARTMENT;

(2) CITY OF GOOSE CREEK;

(3) HARVEY BECKER, in his individual and official capacity as Chief of the Goose Creek Police Department;

(4) DAVID AARONS, in his individual and official capacity as a supervisory officer of the Goose Creek Police Department;

(5) BERKELEY COUNTY SCHOOL DISTRICT;

(6) GEORGE MCCRACKIN, in his individual and official capacity as the principal of Stratford High School;

(7) JOHN DOE ONE through JOHN DOE TWENTY, unknown law enforcement officers of the City of Goose Creek, and unknown officials of Stratford High School, in their individual capacities,

       Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

# I.

## **INTRODUCTION**

> "The Fourteenth Amendment, as now applied to the States, protects the citizen against the State itself and all of its creatures -- Boards of Education not excepted. These have, of course, important, delicate, and highly discretionary functions, but none that they may not perform within the limits of the Bill of Rights. That they are educating the young for citizenship is reason for scrupulous protection of Constitutional freedoms of the individual, if we are not to strangle the free mind at its source and teach youth to discount important principles of our government as mere platitudes." *West Virginia State Board of Education v. Barnette*, 319 U.S. 624, 637 (1943).

1. Plaintiffs bring this action for damages and appropriate injunctive relief to address the unconstitutional conduct of the Defendants during a raid conducted on November 5, 2003, at Stratford High School, as part of a criminal law enforcement operation during which Plaintiffs were seized, restrained at gunpoint, and searched without cause or consent. The actions of the Defendants violated the rights of Plaintiffs under the Fourth Amendment to the Constitution to be free from unreasonable searches and seizures and to be free from the use of excessive force.

2. The Defendant school and law enforcement officials, acting in concert and conspiracy with each other, engaged in clearly established unconstitutional conduct. In the early morning of November 5, 2003, police officers acting at the direction of the Defendants concealed themselves in utility closets, offices and the stairwell of Stratford High School's main hallway. As the hallway filled with the Plaintiffs and other students following their usual school routines, officers rushed out, many of them with guns drawn, yelling "Get down" to more than one hundred terror-stricken students. Some students dove to the ground, while others backed away from the gun-wielding officers. Officers grabbed and pushed students, and forced them to the ground. Officers put plastic

3

restraining bands around the wrists of students. The police then led a police dog close by the students as they lay at gunpoint on the ground. The police and school officials searched the pockets, wallets, book bags and other possessions of several of the students.

3.    No drugs or weapons were found. No criminal charges were placed against any of the Plaintiffs or other students as a result of the raid.

4.    By deploying uniformed police officers with their firearms drawn in the school, by allowing these officers to threaten Plaintiffs with a large and aggressive police dog, and by searching the persons and property of the Plaintiffs and other students, the Defendants terrorized the students and betrayed the promise of a safe, secure learning environment.

5.    The Defendants' actions left the Plaintiffs feeling betrayed, frightened, humiliated, and wrongfully accused. The Plaintiffs have good reason to fear that they will be subjected to similar unconstitutional practices in the future and, therefore, are entitled to injunctive and declaratory relief.

## II.

## PARTIES

6.    At all times relevant to the allegations of this complaint, Plaintiffs were citizens of the United States and residents of South Carolina.

## PLAINTIFFS

7.    Plaintiff CARL ALEXANDER, JR., age 15, is a student in the 9th grade at Stratford High School. On November 5, 2003, CARL, who is African American, was standing in the main hallway talking to his friends before class started. CARL was approached by a police officer, who ordered him to drop to the ground at the point of a gun. A police officer then searched CARL and his possessions. This action is brought on CARL's behalf by his next friends and guardians, Ronald Stafford and Sharon Stafford.

8.   Plaintiff RODNEY GOODWIN, age 15, is a student in the 10th grade at Stratford High School.  On November 5, 2003, RODNEY, who is African American, was sitting in the cafeteria, waiting for friends, when he was forcibly detained by the police who handcuffed him and other students.  RODNEY was led out of the cafeteria in handcuffs, where he was confronted by police officers with guns drawn and an aggressive police dog.  RODNEY was then searched several times by the Defendants.  This action is brought on RODNEY's behalf by his next friend and mother, Tamara L. London.

9.   Plaintiff SAMUEL ODY, III, age 17, is a student in the 12th grade at Stratford High School.  On November 5, 2003, SAMUEL, who is African American, was sitting in the cafeteria, waiting for friends, when a police officer placed SAMUEL's hands in restraints behind his back.  SAMUEL was moved into the main hallway where police officers with their guns drawn ordered him to stand against the wall with his face to the wall.  Defendant George McCrackin searched SAMUEL and questioned him about his possessions.  As SAMUEL was questioned by Defendant McCrackin, police officers searched through the contents of his book bag.  They dumped his book bag on the floor and examined every item.  This action is brought on SAMUEL's behalf by his next friends and guardians, Nathaniel L. Ody, Jr. and Dolores Ody.

10.   MICAH BRYANT, age 17, is a student in the 12th grade at Stratford High School.  On November 5, 2003, MICAH, who is African American, was sitting in the cafeteria when a police officer placed restraints on his hands.  The officer then ordered MICAH and the other four students at the table to go into the main hallway, where MICAH and the other students were confronted by police officers with their guns drawn and a police dog.  A police officer ordered MICAH to kneel down on the floor.  Defendant George McCrackin searched MICAH's person and then ordered school administrators to search MICAH's book bag.  The administrator dumped the contents of

MICAH's book bag onto the ground and examined the items. This action is brought on Micah's behalf by his next friend and mother, Brenda Bryant.

11.    Plaintiff MARCUS BLAKENEY, age 15, is a student in the 10th grade at Stratford High School. On November 5, 2003 MARCUS, who is African American, was walking back from the bathroom toward the cafeteria when he was forcibly detained by police with their guns drawn. The officers ordered MARCUS to put his hands behind his head. One police officer then patted MARCUS down, while two others searched through his book bag. Another officer then brought a police dog to examine MARCUS, after which MARCUS was searched again. This action is brought on MARCUS' behalf by his next friend and mother, Henrietta G. Blakeney.

12.    Plaintiff DANYIELLE ASHLEY CILLS, age 14, is a student in the 9th grade at Stratford High School. On November 5, 2003, DANYIELLE, who is African American was sitting in front of the school store with a friend when she was forcibly detained by police officers with their guns drawn. A police officer opened DANYIELLE's book bag and searched through its contents. This action is brought on DANYIELLE's behalf by her next friend and mother, Naomi V. Cills.

13.    Plaintiff CEDRIC PENN, JR., age 15, is a student in the 9th grade at Stratford High School. CEDRIC, who is African American, was standing in the main hallway when he was forcibly detained by the police with their guns drawn. He dropped to his knees at the order of the police. This action is brought on CEDRIC's behalf by his next friend and mother, Tina Penn.

14.    Plaintiff ELIJAH LE'QUAN SIMPSON, age 14, is a student in the 9th grade at Stratford High School. On November 5, 2003, ELIJAH LE'QUAN, who is African American was forcibly detained by the police. An officer ordered him to kneel and face the wall, where he was held at gunpoint. This action is brought on ELIJAH LE'QUAN's behalf by his next friends and guardians, Elijah Simpson and LaTise' Simpson.

15.    Plaintiff JEREMY BOLGER, age 15, is a student in the 9th grade at Stratford High School.  On November 5, 2003, JEREMY, who is African American, was standing in the main hallway talking to his friends when a police officer came up to him and pointed a gun at him. JEREMY dropped to his knees, and was detained until the raid was over. This action is brought on JEREMY's behalf by his next friend and father, Charles H. Bolger.

16.    Plaintiff TRISTAN CILLS, age 14, is a student in the 9th grade at  Stratford High School.  On November 5, 2003, TRISTAN, who is African American, was forcibly detained by a police officer who pointed a gun at his head.  This action is brought on TRISTAN's behalf by his next friend and mother, Naomi V. Cills.

17.    Plaintiff ARIELLE PEÑA, age 14, is a student in the 9th grade at Stratford High School.  On November 5, 2003, ARIELLE, who is African American, was standing in front of the school store when she was forcibly detained by the police.  This action is brought on ARIELLE's behalf by her next friend and mother, Barbara Peña.

18.    Plaintiff JALANIA MCCULLOUGH, age 17, is a student in the 11th grade at Stratford High School.  On November 5, 2003, JALANIA, who is African American, was standing near the stairs in the main hallway talking with friends when she was detained by a police officer.  JALANIA then found herself facing a police officer pointing his gun at her.  The officer commanded her to drop to the ground, and she was forced to lie on her back during the police raid.  This action is brought on JALANIA's behalf by her next friend and mother, Cordelia A. Ned.

19.    Plaintiff CEDRIC SIMMONS, age 16, is a student in the 11th grade at Stratford High School.  On November 5, 2003, CEDRIC, who is African American, was standing near the stairs in the main hallway talking to friends, when he was forcibly detained by a police officer who pointed his gun at CEDRIC's head and ordered him to put his hands behind his head.  The officer

then restrained CEDRIC's hands for the duration of the search. This action is brought on CEDRIC's behalf by his next friend and mother, Latonia Simmons.

20.     Plaintiff NATHANIEL SMALLS, age 15, is a student in the 9th grade at Stratford High School. On November 5, 2003, NATHANIEL, who is African American, was talking to his friends when he was forcibly detained by a police officer who pointed his gun at NATHANIEL and forced him to the ground. NATHANIEL was searched by an officer. This action is brought on NATHANIEL's behalf by his next friend and mother, Sharon Smalls.

21.     Plaintiff TIMOTHY C. RICE, age 15, is a student in the 9th grade at Stratford High School. On November 5, 2003, TIMOTHY, who is white, was standing in the main hallway with his friend, Plaintiff Nathaniel Smalls, when he was forcibly detained by a police officer who pointed a gun directly at TIMOTHY and his friends. Another police officer searched TIMOTHY. This action is brought on TIMOTHY's behalf by his next friend and mother, RaGina Morris.

22.     Plaintiff SHNIKQUA SIMMONS, age 15, is a student in the 10th grade at Stratford High School. On November 5, 2003, SHNIKQUA, who is African American, was sitting in the main hall, chatting with friends when she was forcibly detained by a police officer holding a gun. SHNIKQUA dropped to the ground, fearing that she would be shot. This action is brought on SHNIKQUA's behalf by her next friend and mother, Latonia Simmons.

23.     Plaintiff JOSHUA K. ODY, age 16, is a student in the 11th grade at Stratford High School. On November 5, 2003, JOSHUA, who is African American, was sitting on the stairs in the main hallway with his friends when he was forcibly detained by a police officer pointing a gun at him. JOSHUA immediately dropped to the ground and lay down on his stomach, where he remained for the duration of the raid. This action is brought on JOSHUA's behalf by his next friends and guardians, Nathaniel L. Ody, Jr. and Dolores Ody.

24.    Plaintiff DE'NEA NICOLE DYKES, age 16, is a student in the 11th grade at Stratford High School.  On November 5, 2003, DE'NEA, who is African American, was walking from the bathroom toward the stairs when she was forcibly detained by the police.  The officers had their guns drawn and they yelled at her to get down.  DE'NEA immediately dropped to the ground, and lay on her back for the duration of the raid.  This action is brought on DE'NEA's behalf by her next friend and mother, La'Shell Marie Fayall.

25.    Plaintiff CHERNIQUA BRYANT, age 15, is a student in the 9th grade at Stratford High School.  CHERNIQUA, who is African American, was sitting in the main hallway when she was forcibly detained by police officers.  The officers had their guns drawn, and they shouted at her to put her hands on her head.   Approximately ten minutes later, the police officers brought a police dog to sniff CHERNIQUA's book bag.  This action is brought on CHERNIQUA's behalf by her next friend and mother, Brenda Bryant.

26.    Plaintiff RODRICUS PERRY, age 18, is a student in the 12th grade at Stratford High School.  On November 5, 2003, RODRICUS, who is African American, was walking in the main hallway when he was forcibly detained by the police.  He was placed on the floor and remained on the floor for the duration of the raid.  RODRICUS suffers from a mental and developmental disability.  This action is brought on RODRICUS' behalf by his next friend and mother, Justine Evans.

## DEFENDANTS

27.    Defendant GOOSE CREEK POLICE DEPARTMENT ("POLICE DEPARTMENT") is a governmental entity created under the laws of South Carolina and is responsible for law enforcement in the City of Goose Creek.

28.    Defendant CITY OF GOOSE CREEK ("GOOSE CREEK") is a governmental entity created under the laws of South Carolina and is responsible for the actions of its Police Department.

29.    Defendant HARVEY BECKER ("BECKER"), Chief of Police for the Goose Creek Police Department, authorized the raid at Stratford High School.  Defendant BECKER is sued in his individual and official capacities.  Defendant BECKER was the person with final decision-making authority regarding the actions of the Goose Creek Police officers on November 5, 2003.

30.    Defendant DAVID AARONS ("AARONS"), a supervising officer in the Goose Creek Police Department, planned and assisted in the execution of the raid at Stratford High School.  Defendant AARONS is sued in his individual and official capacities.

31.    Defendant BERKELEY COUNTY SCHOOL DISTRICT ("SCHOOL DISTRICT") is the local government entity that governs the administration and operation of Stratford High School.  The Defendant SCHOOL DISTRICT delegated final decision making authority regarding the raid at Stratford High School to Defendant George McCrackin.

32.    Defendant GEORGE MCCRACKIN ("MCCRACKIN"), is the principal of Stratford High School.  Defendant MCCRACKIN directed and planned the raid, searches and seizures.  Defendant MCCRACKIN is sued in his individual and official capacities.

33.    JOHN DOES ONE THROUGH TWENTY are unknown police officers and Stratford High School personnel who participated in the raid on November 5, 2003.  The Plaintiffs are informed and believe that each of them is responsible in some manner for the Plaintiffs' injuries.  The Plaintiffs, therefore, sue JOHN DOES ONE THROUGH TWENTY and will seek leave to amend the Complaint to add their true names as discovered.

34.    At all relevant times, all Defendants acted under color of state law.

## III.

## JURISDICTION AND VENUE

35.    This case is brought pursuant to 42 U.S.C. §§1983 and 1988, and 28 U.S.C. §2201. Jurisdiction is based upon U.S.C. §§ 1331 and 1343, with supplemental jurisdiction of state law claims brought pursuant to 28 U.S.C. § 1367(a).

36.    Venue is based upon 28 U.S.C. § 1391(b)(1) and (2). Plaintiffs and Defendants reside in the District of South Carolina, and all the events giving rise to the claims herein arose in the District of South Carolina, Charleston Division.

## IV.

## FACTS RELATING TO THE DEFENDANTS' UNCONSTITUTIONAL RAID

37.    Plaintiffs hereby incorporate by reference paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38.    In October and November 2003, Defendant MCCRACKIN communicated with Defendants BECKER and AARONS concerning suspected drug activity at Stratford High School.

39.    During the course of these conversations, Defendants MCCRACKIN, BECKER and AARONS agreed to conduct jointly a paramilitary style police raid at Stratford High School, utilizing personnel of the Defendant POLICE DEPARTMENT and of Stratford High School. The plan called for the mass seizure students and searches of the persons and possessions of certain students, even though the Defendants had no particularized suspicion as to any students. The plan also included the brandishing of firearms, the use of a police dog, and the use of restraining devices by police officers. This plan was conceived and implemented despite Defendants having no reasonable basis for suspecting that students posed any safety threat.

40.    On November 5, 2003, Defendants MCCRACKIN, BECKER, AARONS and other police officers and school employees assembled at the school. Police officers and school employees

11

concealed themselves in closets, offices and stairwells. Upon a signal by Defendant MCCRACKIN, the officers and school employees rushed into the hallway, commanding in an intimidating manner that all students drop to the floor. The officers brandished loaded weapons, restrained certain Plaintiffs' hands behind their backs in plastic restraining devices, and then searched the Plaintiffs and their belongings for law enforcement purposes.

41.    None of the Plaintiffs were told why the police were at the school, and many thought that they were in the midst of a terrorist attack or that an intruder with a gun might be on school property. The police filled the hallway and gave verbal commands to the Plaintiffs and others to "get down" and "put your hands on your head." Some Plaintiffs were physically forced down onto the ground, though they had demonstrated no resistance to the police officers' orders.

42.    Once the Plaintiffs in the hallway were forced to the ground, officers entered the school cafeteria. At Defendant MCCRACKIN's direction, an officer placed several of the Plaintiffs in plastic handcuffs and forcibly moved them into the main hallway.

43.    Defendant MCCRACKIN and police officers searched the persons and personal property of the Plaintiffs from the cafeteria, as well as the persons and property of several other students. All other Plaintiffs were forced to remain on the ground. Police officers kicked the personal belongings of all students in the hall toward the middle of the floor and subjected these belongings to examination by a police dog while the students continued to be detained. As the dog sniffed the belongings, it picked some of them up with its teeth, shook them violently, and threw them around as if they were toys; in the process, a book bag was destroyed. The dog also passed in close proximity to many of the Plaintiffs, allowing the dog to perform a sniff examination of the students and causing the students to fear that the dog would attack.

44.    After the Plaintiffs and their property were searched, and no drugs were found, their names were recorded and they were permitted to leave. Neither school officials nor police officers

explained to Plaintiffs why officers had verbally and physically assaulted them, forced them to the ground, held them at gun point, exposed them to a large police dog, and searched them and their personal property during the raid.

45.    Not one of the Plaintiffs has ever been found with illegal drugs or weapons in their possession at school.  The Defendants had no reason to believe that any student was armed or otherwise posed a safety threat.  The Defendants had no reason to believe that any particular student possessed drugs.  None of the students were approached prior to the raid and given the opportunity to explain any suspected involvement with illegal drugs.

46.    In the days following the raid, Defendant MCCRACKIN publicly stated his intention to carry out further raids in the same manner.  Audiovisual recordings of the raid recorded a Goose Creek police officer stating as the raid ended, "Every time we think there's dope in this school, we're going to be coming up here to deal with it, and this is one of the ways we can deal with it."

47.    In using deadly weapons to seize the Plaintiffs without probable cause or reasonable suspicion of criminal conduct, in using restraints to bind Plaintiffs' hands behind their backs, and in deploying an aggressive police dog, Defendants executed an unreasonable search and seizure and used plainly excessive and unreasonable force.  By these same acts, Defendants assaulted, battered, and falsely imprisoned Plaintiffs and directly and proximately caused their damages thereby.

48.    The Defendant SCHOOL DISTRICT delegated final decision-making authority to Defendant MCCRACKIN with respect to law enforcement actions at Stratford High School. Pursuant to this authority, Defendant MCCRACKIN planned, ordered, orchestrated, and executed the search and seizure of Plaintiffs without reasonable suspicion and with excessive force, and thereby the SCHOOL DISTRICT caused the violation of Plaintiffs' Fourth and Fourteenth Amendment rights.

13

49.     The Defendant SCHOOL DISTRICT failed to train and supervise Defendant MCCRACKIN and other Stratford High School employees as to the limitations on their authority to conduct searches and seizures of students, as to what constitutes reasonable suspicion and probable cause, and as to the constitutional and state law limits on school drug searches. The failure to properly train was done with deliberate indifference to Plaintiffs' Fourth and Fourteenth Amendments rights and was the direct and proximate cause of the constitutional deprivations.

50.     The Defendant MCCRACKIN failed to train and supervise Stratford High School employees as to the limitations on their authority to conduct searches and seizures of students, as to what constitutes reasonable suspicion and probable cause, and as to the constitutional and state law limits on school drug searches.   The failure to properly train was done with deliberate indifference to Plaintiffs' Fourth and Fourteenth Amendments rights and was the direct and proximate cause of the constitutional deprivations.

51.     The Defendant SCHOOL DISTRICT ratified the unconstitutional conduct when it failed to take remedial action concerning the violation of Plaintiffs' Fourth and Fourteenth Amendment rights and by virtue of its policy of permitting such searches and seizures to take place in the future.

52.     The November 5, 2003 raid was effectuated as part of a policy of the Defendant SCHOOL DISTRICT to employ these law enforcement methods in investigating violations of SCHOOL DISTRICT drug policies and criminal laws.

53.     Defendants BECKER and AARONS exercised final decision-making authority for law enforcement by the Defendant POLICE DEPARTMENT with respect to the Stratford High School raid.

54.     The Defendant POLICE DEPARTMENT failed to train and supervise its officers with respect to (a) the constitutional limits of officers' search and seizure powers, (b) what constitutes

14

reasonable suspicion and probable cause, (c) conduct of school drug searches, (d) the appropriate use of firearms during school drug searches, (e) the appropriate use of plastic hand restraints during school drug searches, (f) the appropriate use of physical force during school drug searches, and (g) the use of a police dog during school drug searches. This failure to train and supervise amounted to deliberate indifference to Plaintiffs' Fourth and Fourteenth Amendment rights and was the direct and proximate cause of the constitutional deprivations.

55.    Defendants BECKER and AARON failed to train and supervise Goose Creek police officers with respect to (a) the constitutional limits of officers' search and seizure powers, (b) what constitutes reasonable suspicion and probable cause, (c) conduct of school drug searches, (d) the appropriate use of firearms during school drug searches, (e) the appropriate use of plastic hand restraints during school drug searches, (f) the appropriate use of physical force during school drug searches, and (g) the use of a police dog during school drug searches. This failure to train and supervise amounted to deliberate indifference to Plaintiffs' Fourth and Fourteenth Amendment rights and was the direct and proximate cause of the constitutional deprivations.

56.    Defendants GOOSE CREEK and the POLICE DEPARTMENT ratified the conduct of November 5, 2003, when they failed to take remedial action concerning the raid and when they announced that such raids would be conducted again as a matter of law enforcement policy.

57.    All Plaintiffs suffered deprivation of constitutional rights and severe and in some instances permanent emotional pain and suffering, including but not limited to fear, nightmares, sleeplessness, humiliation and trauma, all as a result of Defendants' conduct.

58.    Each Defendant acted with reckless or callous indifference to the Plaintiffs' constitutional rights.

## V.

## CLAIMS FOR RELIEF

59.    Plaintiffs hereby incorporate by reference paragraphs 1 through 58 of this Complaint as if fully set forth herein.

### Count I

### Fourth Amendment: Illegal Search and Seizure

60.    The individual Defendants, acting in concert and conspiracy, violated the clearly established rights of the Plaintiffs to be free from illegal searches and seizures under the Fourth Amendment when they seized, detained, searched and restrained the Plaintiffs without probable cause or reasonable suspicion of criminal conduct or violation of school rules.

61.    The Defendants SCHOOL DISTRICT, POLICE DEPARTMENT, and GOOSE CREEK  are liable for the unconstitutional searches and seizures conducted by the individual Defendants as these governmental entities (a) had policies, practices or customs that caused the constitutional violations, (b) delegated final decision making authority with respect to the unconstitutional searches and seizures to the Defendants MCCRACKIN, BECKER and AARONS, and (c) ratified the unconstitutional conduct and actions of the individual Defendants following the raid of November 5, 2003.

62.    Defendants MCCRACKIN, BECKER and AARONS are liable for the constitutional violations committed by Defendants JOHN DOES ONE THROUGH TWENTY, by reason of their failure, with deliberate indifference, to properly train and supervise these officers and school employees with respect to the constitutional limits on their powers to detain, seize and search school students.

## Count II

### Fourth Amendment: Unreasonable and Excessive Force

63.     The Defendants, acting in concert and conspiracy, violated the clearly established rights of the Plaintiffs to be free from unreasonable or excessive force under the Fourth Amendment when they physically restrained the Plaintiffs with handcuffs and similar restraining devices, subjected them to gunpoint detention, restraint, and searches, used an aggressive police dog to sniff and search their persons and possessions, forcibly restrained Plaintiffs on the ground for excessive periods of time, and intentionally put the Plaintiffs in fear of bodily harm by their collective illegal actions and conduct.

64.     The Defendants SCHOOL DISTRICT, POLICE DEPARTMENT, and GOOSE CREEK are liable for unreasonable and excessive force inflicted by the individual Defendants as these governmental entities (a) had policies, practices or customs that caused the constitutional violations, (b) delegated final decision making authority with respect to the unconstitutional searches and seizures to the Defendants MCCRACKIN, BECKER and AARONS, and (c) ratified the unconstitutional conduct and actions of the individual Defendants following the raid of November 5, 2003.

65.     Defendants MCCRACKIN, BECKER and AARONS are liable for the constitutional violations committed by Defendants JOHN DOES ONE THROUGH TWENTY, by reason of their failure, with deliberate indifference, to properly train and supervise these officers and school employees with respect to the constitutional limits on their powers to detain, seize and search school students.

## Count III

### Liability of Defendants Under State Law
### (against individual Defendants in individual capacities only)

**ASSAULT**

66.    The extreme and harsh tactics utilized by the Defendants as alleged above were excessive and put the Plaintiffs in reasonable fear of imminent bodily harm.  Conduct by the Defendants has caused harm to Plaintiffs, entitling each of them to damages.

**BATTERY**

67.    The Defendants intentionally inflicted forcible contact on the Plaintiffs as alleged above and such contact was unjustified, unreasonable, unlawful, and unwarranted.  Conduct by the Defendants has caused harm to the Plaintiffs, entitling each of them to damages.

**FALSE ARREST**

68.    The Defendants' restraint of these Plaintiffs as alleged above was intentional and unlawful.  As a result the Plaintiffs were deprived of their liberty without lawful justification.  Conduct by the Defendants has caused harm to the Plaintiffs, entitling each of them to damages.

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

69.    The Defendants intentionally or recklessly inflicted severe emotional distress, or knew that distress would probably result from their conduct.

70.    Defendants' conduct was so extreme and outrageous that it exceeded all possible bounds of decency and was furthermore atrocious, and utterly intolerable in a civilized community.

71.    The actions of the Defendants caused the Plaintiffs emotional distress.

72.    The emotional distress suffered by the Plaintiffs was so severe that no reasonable person could be expected to endure it.

## Count IV

### Declaratory and Injunctive Relief

73.    The Plaintiffs have suffered and will in the future suffer irreparable injury as a result of the Defendants' unconstitutional conduct and policies.  There is an actual controversy between the Plaintiffs and Defendants concerning the constitutionality of the Defendants' conduct and policies.  Therefore, the Plaintiffs are entitled to appropriate injunctive relief to prevent the future violation of their rights by these Defendants and to a declaration of their rights pursuant to 28 U.S.C. §§2201 and 2202.

**WHEREFORE**, Plaintiffs pray for the following relief:

A.  A declaration of their rights and remedies;

B.  A preliminary and permanent injunction enjoining Defendants, their agents, employees, assigns, and all persons acting in concert or participation with them from violating Plaintiffs' rights to be free from unconstitutional searches or seizures and the use of excessive force of the type engaged in by the Defendants on November 5, 2003;

C.  Compensatory damages according to proof;

D.  Punitive damages;

E. Costs and reasonable attorneys' fees pursuant to 42 U.S.C. §1988 and any other provision providing for such costs and fees; and

F.  Such other and further relief as this Court deems necessary and proper.

Respectfully submitted,

By _____
Gregg Meyers (D. SC 4183)
39 Broad Street, Suite 300
Charleston, SC 29401
843-720-8714
843-720-8704 (fax)

David Flowers (ID# **316**    )
P.O. Box 10842
Greenville, SC 29603-0842
864-232-0900
864-370-0788 (fax)

Graham Boyd (ID# CT 18419)
ACLU Drug Policy Litigation Project
85 Willow St.
New Haven, CT 06511
203-787-4188
203-787-4199 (fax)

David Rudovsky (ID# PA15168)
Kairys, Rudovsky, Epstein & Messing, LLP
924 Cherry St., Suite 500
Philadelphia, PA 19107
215-925-4400
215-925-5365 (fax)

Antonio Ponvert III (ID# CT 17516)
Koskoff, Koskoff & Bieder P.C.
350 Fairfield Ave.
Bridgeport, CT 06604
203-336-4421
203-368-3244 (fax)

ATTORNEYS FOR PLAINTIFFS

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a trial by jury as to all issues so triable.

Respectfully Submitted,

Gregg Meyers (ID# SC 4183)
39 Broad St. Suite 300
Charleston, SC 29401
843-324-1589 (t)
843-720-8704 (f)

David Flowers (ID# 596    )
P.O. Box 10842
Greenville, SC 29603-0842
864-232-0900 (t)
864-370-0788 (f)

Graham Boyd (ID# CT 18419)
ACLU Drug Policy Litigation Project
85 Willows St.
New Haven, CT 06511
203-787-4188 (t)
203-787-4199 (f)

David Rudovsky (ID# PA15168)
Kairys, Rudovsky, Epstein & Messing, LLP
924 Cherry St.
Suite 500
Philadelphia, PA 19107
215-925-4400 (t)
215-925-5365 (f)

Antonio Ponvert III (ID# CT 17516)
Koskoff, Koskoff, & Beider, P.C.
350 Fairfield Avenue
Bridgeport, CT 06604
203-336-4421 (t)
203-368-3244 (f)

ATTORNEYS FOR PLAINTIFFS