# EXHIBIT 1
# Part 2

# EXHIBIT A

**LEGAL NOTICE:**
**YOU MAY BE A PLAINTIFF IN A CLASS ACTION LAWSUIT**
**AND YOUR LEGAL RIGHTS MAY BE AFFECTED BY**
**THE PROPOSED SETTLEMENT DESCRIBED IN THIS NOTICE**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA CHARLESTON DIVISION

| | | |
|---|---|---|
| Maurice R. Harris, et al.,<br>    Plaintiffs,<br>vs.<br>George C. McCrackin, et al.,<br>    Defendants<br>**and**<br>Carl Alexander, et al.,<br>    Plaintiffs,<br>vs.<br>Goose Creek Police Department, et al.,<br>    Defendants<br>**and**<br>Dorene Bynoe, et al.,<br>    Plaintiffs,<br>vs.<br>George C. McCrackin, et al.,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 2:03-3845-23<br><br>and<br><br>C.A. No. 2:03-3943-23<br><br>and<br><br>C.A. No: 2:04-2314-23 |

**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION,**
**OPPORTUNITY FOR EXCLUSION FROM CLASS, DEADLINE FOR FILING**
**CLAIMS WITHIN THE CLASS, AND DATE OF COURT HEARING**

**THIS 11-PAGE NOTICE HAS BEEN SENT TO YOU BY ORDER OF THE COURT TO ALL STRATFORD HIGH SCHOOL STUDENTS WHO WERE PRESENT AT THE SCHOOL ON THE MORNING OF NOVEMBER 5, 2003. IF YOU ARE NOT A MEMBER OF THE "CLASS" (AS DEFINED BELOW), AND WERE NOT SUBJECT TO THE SEARCH, PLEASE DISREGARD THIS NOTICE.**

**You are a member of "THE CLASS" if you meet the following definition:**

<u>**THE CLASS.**</u>  The "Class" shall consist of all Stratford High School students present at school on the morning of November 5, 2003, (the date that the drug search was conducted by the Berkeley County School District officials and the Goose Creek Police Department officers), who meet the following conditions:  (1) the student was physically present inside the main hallway at Stratford High School within the confines of where the drug search took place on November 5, 2003, between the approximate hours of 6:30 a.m. and 8:00 a.m. or was brought to the main hallway from another area of the building during that same time period; and (2) the student was required to remain in this area during the above-referenced time frame while the drug search was conducted and was not allowed to leave.

**IF YOU ARE A MEMBER OF THE CLASS, OR A PARENT/GUARDIAN OF A MEMBER OF THE CLASS, PLEASE READ THIS ENTIRE NOTICE CAREFULLY.  THIS NOTICE AND THE LAWSUIT DESCRIBED IN THIS NOTICE MAY AFFECT YOUR RIGHTS AS A CLASS MEMBER, OR THE RIGHTS OF YOUR MINOR CHILD.  YOU MAY BE A MEMBER OF THE CLASS DESCRIBED IN THIS NOTICE AND YOU MAY BE ENTITLED TO SHARE IN THE BENEFITS OF THE PROPOSED CLASS ACTION SETTLEMENT DESCRIBED IN THIS**

**NOTICE.**

**YOU ARE HEREBY NOTIFIED OF (A) THE PROPOSED CERTIFICATION OF A CLASS ACTION, (B) YOUR OPPORTUNITY TO EXCLUDE YOURSELF FROM THE CLASS, (C) A PROPOSED SETTLEMENT OF THE CLASS-ACTION, (D) THE PROCEDURE FOR FILING A CLAIM AS A MEMBER OF THE CLASS, AND (E) A HEARING TO BE HELD BY THE COURT TO DETERMINE WHETHER THE CLASS SHOULD BE CERTIFIED AND WHETHER THE SETTLEMENT SHOULD BE APPROVED AND THE ACTION DISMISSED WITH PREJUDICE.**

Plaintiffs allege that as a result of the Incident, they have incurred certain personal injuries and emotional distress. Released Entities have denied and continue to deny any liability to plaintiffs or those persons similarly situated, and have denied any wrongdoing of any kind, and assert numerous defenses to the plaintiffs' claims. The Court has not ruled on the merits of the plaintiffs' claims or on the defenses made by the released entities. However, Released Entities are desirous of settling all of plaintiffs' claims.

The attorneys for the plaintiffs and the proposed Class (as defined below), ("Class Counsel"), and the attorneys for Released Entities have entered into a settlement agreement (the "Agreement" or the "Settlement"), made as of *[date]*, which is subject to, and conditioned upon, the Court's approval of its terms.

Plaintiffs and Class Counsel have conducted a thorough examination of the law and investigation of facts relating to the matters set forth in this case. Class Counsel and Released Entities have engaged in extensive, arms-length negotiations regarding the issues presented in this litigation and the possible terms of settlement of the claims relating to certain personal injuries and emotional distress.

## <u>TERMS OF THE SETTLEMENT</u>

*The following is only a summary of the Settlement. To request a copy of the Agreement, see below.*

<u>General Relief to be Granted.</u>  Monetary compensation and reimbursement to qualifying class members as set forth more fully in section two of the settlement agreement and injunctive relief identified in section two of the settlement agreement.

<u>Effect of Settlement – Released Claims.</u>  In consideration for the Settlement, all Class Members will release the Released Entities (as defined below) from all "Released Claims" as set forth in the settlement agreement.

<u>Released Entities.</u>  The <u>**"Released Entities"**</u> that Class Members will release from all Released Claims under the Settlement are all "released entities" identified in the agreement to include all named Defendants.

<u>Other Terms of the Settlement.</u> The Agreement provides that after the proposed Settlement becomes effective, the court-approved Class Claims Administrator will process and review claims, determine the eligibility of Class Members for payments and determine the size of awards pursuant to the claims processing protocols that are part of this Settlement and approved by the Court.

The Agreement allows Released Entities to withdraw from the proposed Settlement in the event Released Entities determine that the number or identity of persons who have elected to be excluded from

the Class is unsatisfactory. In addition, either Released Entities or plaintiffs may withdraw from the proposed Settlement if the Court has ordered a material modification of any of the terms of the Agreement.

**Reasons for the Settlement.** After analyzing the relevant facts and applicable law, taking into account the burdens, risks, uncertainties, time, and expense of litigation, as well as the merits of the terms and procedures for a fair, cost-effective and a sure method of resolving certain of the claims of the Class under the Agreement, Class Counsel and Released Entities have concluded that the partial settlement set forth in the Agreement is fair, reasonable, adequate and in the best interests of the proposed Class.

**Requesting a Copy of the Agreement.** This is a summary of the terms of the Settlement. A copy of the Agreement can be obtained by either written request mailed to: Class Counsel, P.O. Box 1297, Charleston, South Carolina 29402, by calling toll free to 800-834-3907, or by visiting the website at www.stratfordsettlement.com. If you make a written request for a copy of the Agreement, be sure to include your full name and correct mailing address. Although a summary of its principal terms is included in this Notice, you should examine the Agreement itself and the Exhibits attached thereto. Nothing in this Notice alters the terms of the Agreement and the Exhibits attached thereto.

## Summary of Injunctive Relief.

**School District Agreement.** The Berkeley County School District has agreed to continue to comply with its policies developed and adopted by the Board in February 2004 regarding searches, student interrogations, and arrests. If any changes are proposed to these policies the District will provide notice of the changes.

Also through the 2007-08 school year, the District will continue to conduct annual training for its administrators regarding the means by which to conduct student searches.

The District agreed to permit any student involved in the search to transfer from Stratford to any other high school in Berkeley County, and to maintain its position of not retaliating against any student or family who participated in the litigation.

Additionally, at the request of any class member's family, the District will place into a student's file a letter which confirms that the student was in the hallway on November 5, 2003, when the drug search took place, and each class member student or family may place into the student's file an additional letter to talk about the search and its impact from their perspective.

Finally, once the settlement is finalized, the Superintendent has agreed to meet on an individual basis with any class member's parent or class member student who participated in the lawsuits who requests to do so.

**Police Department Agreement.** The Goose Creek Police Department has agreed to significantly change its operating policies and procedures when officers are called into the schools, and has agreed that when the police are present on school grounds it is the police that are in charge.

The Department has agreed to limit the use of dogs when students are present in the area to be searched, so students will not be as close to a search dog in the future.

The Department has agreed to inform its employees about the changes to its policies and to train employees in the new procedures.

Finally, the Police Department has agreed to provide periodic information to lawyers for the plaintiffs about their activities in schools so their activities can be monitored to ensure that the Department is complying with this Agreement. The Police Department is obligated to comply with this Agreement for the next three years.

**NO ADMISSION OF WRONGDOING. RELEASED ENTITIES DO NOT ADMIT ANY WRONGDOING OR LIABILITY ON THEIR PART. THE PROPOSED SETTLEMENT IS A COMPROMISE OF DISPUTED CLAIMS AND DOES NOT MEAN THAT RELEASED ENTITIES ARE LIABLE FOR THE CLAIMS MADE BY THE PLAINTIFFS. IF APPROVED, THE SETTLEMENT WILL RELEASE AND DISCHARGE RELEASED ENTITIES FROM ANY FURTHER LIABILITY FOR THE DAMAGES, LOSSES, AND EXPENSES COVERED BY THIS SETTLEMENT WHATSOEVER TO ALL CLASS MEMBERS ARISING FROM THE INCIDENT INCLUDING CLAIMS FOR THE DAMAGES, LOSSES, AND EXPENSES COVERED BY THIS SETTLEMENT THAT HAVE NOT YET MANIFESTED THEMSELVES.**

## WHAT YOU MUST DO

**What You MUST Do If You Wish to Become Eligible to Possibly Receive a Recovery Under This Settlement.**

IF YOU WISH TO MAKE A CLAIM, YOU MUST COMPLETE THE ENCLOSED **YELLOW CLAIM FORM** AND MAIL THE CLAIM FORM POSTMARKED (NOT METERED POSTMARKS) ON OR BEFORE **JULY 28, 2006,** TO: CLASS COUNSEL, P.O. BOX 1297, CHARLESTON, SOUTH CAROLINA 29402

IF THE COURT APPROVES THE SETTLEMENT AND YOU FAIL TO FILE A **YELLOW CLAIM FORM** BY MAIL POSTMARKED (NOT METERED POSTMARKS) ON OR BEFORE **JULY 28, 2006,** YOU WILL BE BOUND BY THE FINAL ORDER AND JUDGMENT OF THE COURT AND WILL BE FOREVER BARRED FROM MAKING ANY CLAIM FOR THE CLAIMS, DAMAGES, LOSSES, AND EXPENSES COVERED BY THIS SETTLEMENT AGAINST RELEASED ENTITIES OR THE OTHER RELEASED ENTITIES RELATED TO THE INCIDENT.

THE CLASS CLAIMS ADMINISTRATOR WILL BE USED TO PROCESS THE CLAIMS OF CLASS MEMBERS FOR THE DAMAGES, LOSSES, AND EXPENSES DESCRIBED HEREIN AND RELATED TO THE INCIDENT.

**What you MUST Do If You Wish to Be Excluded -- Your Opportunity to be Excluded from the Class.**

YOU MAY REQUEST TO BE EXCLUDED FROM THE CLASS BY COMPLETING THE ENCLOSED **BLUE OPT-OUT QUESTIONNAIRE FORM** AND MAILING THE FORM POSTMARKED (NOT METERED POSTMARKS) ON OR BEFORE **MAY 5, 2006,** TO THE FOLLOWING: CLASS COUNSEL, P.O. BOX 1297, CHARLESTON, SOUTH CAROLINA 29402

**Request for Exclusion – Natural Persons.** If the member of the Class wishing to be excluded is a natural person, a written **BLUE OPT-OUT QUESTIONNAIRE FORM** must be sent to the Class Counsel and must include all information requested on the form. An incomplete form will not be considered effective. If the person wishing to be excluded from the Class is a minor, the Request for Exclusion must be signed by a parent or guardian. If signed by a parent or guardian, the parent or guardian must also include their full name, address and relationship to the minor being excluded from

the Class.

IF YOU ARE A CLASS MEMBER AND DO NOT MAKE A TIMELY REQUEST FOR EXCLUSION IN THE MANNER SPECIFIED YOU WILL BE AUTOMATICALLY INCLUDED IN THE CLASS AND YOU WILL BE BOUND BY ANY JUDGMENTS AND DISMISSALS RENDERED BY THE COURT PURSUANT TO THE SETTLEMENT, WHETHER OR NOT YOU FILE A CLAIM UNDER THE SETTLEMENT, AND WHETHER OR NOT YOU CAN OR WILL OBTAIN COMPENSATION FROM THE SETTLEMENT. IF YOU PROPERLY AND TIMELY REQUEST EXCLUSION FROM THE CLASS (1) YOU WILL NOT RECEIVE ANY COMPENSATION FROM THIS SETTLEMENT, AND (2) YOU WILL BE FREE TO PURSUE WHATEVER LEGAL RIGHTS YOU MAY HAVE, IF ANY, AGAINST RELEASED ENTITIES IN YOUR OWN LAWSUIT AT YOUR OWN EXPENSE.

**REQUESTS FOR EXCLUSION MUST BE MAILED TO THE ABOVE ADDRESS, POSTAGE PREPAID AND POSTMARKED (NOT METERED POSTMARKS) ON OR BEFORE MAY 5, 2006.**

IF YOU WANT TO REMAIN A MEMBER OF THE CLASS, AND POSSIBLY RECEIVE COMPENSATION FROM THIS SETTLEMENT, YOU SHOULD NOT REQUEST EXCLUSION. By remaining in the Class, any claims you may have against Released Entities for the Released Claims and for the specific damages, losses, and expenses arising from Released Entities' conduct as alleged by the Class representatives will be determined in this case and cannot be presented in any other lawsuit.

**How are you represented?** If you remain in the Class, the Court has appointed Class Counsel to represent you. Frederick Jekel and Marlon Kimpson of Motley Rice LLC and Gregg Meyers have been appointed Co-Lead Class Counsel. They and other Class Counsel will act as your representatives and counsel and will make an application to the Court for attorneys' fees and expenses in accordance with the Agreement and which amount will be subject to the approval of the Court. Released Entities will separately pay these fees and expenses of Class Counsel that the Court awards separate from the amounts for payments to members of the Class under the Agreement. The attorneys' fees and expenses are limited as set forth in the Settlement Agreement. If you wish to speak to Class Counsel, you may call 1-800-834-3907. You are free to consult with and appear by your own attorney.

## HEARING TO CONSIDER APPROVAL OF SETTLEMENT AND THE RIGHT TO APPEAR AND OBJECT

The Class will not be certified and the proposed Settlement will not become effective unless and until the Court decides that certification is appropriate and that the proposed Settlement should be approved as a fair, reasonable and adequate compromise of the aggregate claims of the Class as a whole. In order to assist the Court in making these decisions, the Court will hold a hearing (the "Fairness Hearing") on **July 10, 2006,** before the Honorable P. Michael Duffy. Following the Fairness Hearing, the Court will determine whether the proposed Class should be certified and the proposed Settlement should be approved and certain claims dismissed with prejudice. The only questions to be decided at the Fairness Hearing are whether the Class should be certified and whether this Settlement as a whole is fair, reasonable and adequate and should be approved and the action dismissed with prejudice. The criteria and procedures for processing claims under the Settlement will be considered at this Fairness Hearing.

IF YOU WISH TO OBJECT TO THE PROPOSED CLASS CERTIFICATION AND SETTLEMENT YOU MUST COMPLY WITH THE FOLLOWING PROCEDURES. If you do not properly and timely request exclusion from the Settlement, you may appear in person or by counsel retained by you at your own expense at the Fairness Hearing (to the extent allowed by the Court), to object to the certification of the Class.

No person or entity shall be heard in opposition to the Settlement and no papers or briefs submitted by any person or entity will be accepted or considered by the Court unless, on or before **June 12, 2006,** such person or entity; (1) has filed with the Clerk of the Court in writing a notice of such person or entity's intention to appear personally, or, if such person or entity intends to appear by counsel, such counsel files a notice of appearance, (2) such person or entity personally or by counsel, to any of the applications before the Court, submits a written statement describing in full the basis for such person or entity's opposition, and attaches any supporting documentation and a list of any and all witnesses or experts whom such person or entity shall present to the Court, and (3) has served, on or before **June 12, 2006,** copies of such notice(s), statement(s), documentation, and list(s) together with copies of any other papers or brief(s) that such person or entity files with the Court or wishes the Court to consider at the Fairness Hearing.

**CLASS MEMBERS WHO SUPPORT THE PROPOSED SETTLEMENT DO NOT NEED TO APPEAR OR TAKE ANY ACTION TO INDICATE THEIR APPROVAL.**

## ADDITIONAL INFORMATION

Any questions you have about the matters contained in this Notice (or any corrections or changes *of names or addresses)* should *NOT* be *made to the Court or Clerk* but *MUST* be directed *in* writing to: Class Counsel, P.O. Box 1297, Charleston, South Carolina 29402.

You can visit the settlement website at www.stratfordsettlement.com or call toll free 1-800-834-3907. Do Not Call the Court or the Clerk.

If you decide to remain a member of the Class and wish to communicate with Class Counsel as your attorneys in this litigation, you may do so by writing to Frederick Jekel, Esq. (fjekel@motleyrice.com) or Gregg Meyers, Esq. (attygm@aol.com) at the above addresses or calling toll free to 1-800-834-3907. You may, of course, seek the advice and guidance of your own attorney if you desire.

## RESPONSE OF CLASS MEMBERS

Student's Name: _____

Address: _____

_____

E-Mail Address: _____

Telephone: _____

Social Security Number: _____

Birthdate: _____

Please check one of the following:

_____ I am a member of the class as defined in this Notice and intend to participate in the settlement and file a claim according to the terms upon which all parties have agreed to settle the claims. Enclosed is a completed **Yellow Claim Form.**

_____ I am a member of the class as defined in this Notice and wish to opt-out of the agreed-upon settlement, so that I may choose to hire my own lawyer or represent myself and file a lawsuit independently. Enclosed is a completed **Blue Opt-Out Questionnaire Form.**

**\*YOUR FAILURE TO COMPLETE AND RETURN EITHER A YELLOW CLAIM FORM OR A BLUE OPT-OUT QUESTIONNAIRE FORM MAY RESULT IN YOUR HAVING NO RIGHTS OR CLAIMS IN CONNECTION WITH THE INCIDENT.**

_____     _____
Student's Signature                 Date

_____     _____
Parent or Guardian Signature        Date
(if student is under 18 years old)

**YELLOW CLAIM FORM**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Maurice R. Harris, et al., | ) | |
|     Plaintiffs, | ) | C.A. No. 2:03-3845-23 |
| vs. | ) | |
| George C. McCrackin, et al., | ) | and |
|     Defendants | ) | |
| **and** | ) | |
| Carl Alexander, et al., | ) | C.A. No. 2:03-3943-23 |
|     Plaintiffs, | ) | |
| vs. | ) | and |
| Goose Creek Police Department, et al., | ) | |
|     Defendants | ) | |
| **and** | ) | C.A. No: 2:04-2314-23 |
| Dorene Bynoe, et al., | ) | |
|     Plaintiffs, | ) | |
| vs. | ) | **CLAIM FORM** |
| George C. McCrackin, et al., | ) | |
|     Defendants. | ) | |

# COMPLETE THIS FORM IF YOU ARE A MEMBER OF THE CLASS AND YOU WISH TO PARTICIPATE IN THE CLASS SETTLEMENT.

1.     Name: _____  Phone: _____

       Address: _____

       Social Security Number: _____  Birthdate: _____

2.     I was present in the main hallway on November 5, 2003 during the drug search?
       _____Yes/_____No.

3.     Do you claim to have incurred medical bills associated with the November 5, 2003 drug search? _____ Yes/_____ No.

4.     Are you represented by an attorney? _____ Yes/_____ No.  If Yes, _____ is my attorney.

5.     Name and address of all physicians or mental health providers who administered care as a result of the November 5, 2003 drug search.

       _____

       *Copies of all medical records must be attached to the claim form and submitted herewith.  If you do not have copies of your medical bills, you must provide to the administrator, with this form, an executed HIPPA form. HIPPA form is available at www.stratfordsettlement.com or by contacting class counsel.*

6.     I am visible in the mail hallway during the drug search on surveillance footage.
       _____Yes/_____ No

7.  I have documents that confirm my presence in the main hallway at Stratford High School during the incident. _____ Yes/_____ No.  If yes, provide copies of such documents.

8.  I arrived at school on November 5, 2003, at _____ a.m.

9.  I arrived at school by the following means.

    _____ bus        _____ relative        _____ friend        _____ walked

10. I was present in the _____ area of the high school that was subject to the search.

11. I recall the following fellow students being in and around my location during the search.

    _____

12. I spoke with Stratford High personnel and/or Goose Creek Police Officers that were in your vicinity during the search. _____ Yes/_____ No.  If Yes, please identify whom you spoke with.

    _____

13. I spoke with the following Stratford High School personnel about my involvement and presence at the November 5, 2003 drug search.

    _____

14. Identify any and all individuals who can verify that you were present in the areas of the Stratford High School building during the November 5, 2003 drug search.

    _____

    _____

I, _____, understand that I am submitting this form in connection with legal proceedings that are currently pending before the Honorable P. Michael Duffy in the United States District Court for the District of South Carolina, Charleston Division, and bearing Civil Action Numbers: 2:03-3845-23; 2:03-3943-23; and 2:04-2314-23.  I verify that all information submitted in this form is truthful and accurate.  I further acknowledge that if I provide any false information, I will be subject to penalty of perjury.


_____        _____
Signature of Student               Signature of Parent
                                   (if student is under 18)


_____
Date


**This form must be completed and mailed to P.O. Box 1297, Charleston, South Carolina 29402 on or before July 28, 2006.**

**BLUE OPT-OUT QUESTIONNAIRE FORM**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Maurice R. Harris, et al., | ) | |
| Plaintiffs, | ) | C.A. No. 2:03-3845-23 |
| vs. | ) | |
| George C. McCrackin, et al., | ) | and |
| Defendants | ) | |
| **and** | ) | |
| Carl Alexander, et al., | ) | C.A. No. 2:03-3943-23 |
| Plaintiffs, | ) | |
| vs. | ) | and |
| Goose Creek Police Department, et al., | ) | |
| Defendants | ) | |
| **and** | ) | C.A. No: 2:04-2314-23 |
| Dorene Bynoe, et al., | ) | |
| Plaintiffs, | ) | |
| vs. | ) | |
| George C. McCrackin, et al., | ) | **OPT-OUT QUESTIONNAIRE** |
| Defendants. | ) | |

# COMPLETE THIS FORM <u>ONLY</u> IF YOU ARE A MEMBER OF THE CLASS AND YOU DO <u>NOT</u> WISH TO PARTICIPATE IN THE CLASS SETTLEMENT BECAUSE YOU WISH TO HIRE YOUR OWN LAWYER OR REPRESENT YOURSELF.
### (Attach additional pages if necessary)

1.  Name: _____

    Address: _____

    Social Security Number: _____  Birthdate: _____

2.  I arrived on the campus of Stratford High School on November 5, 2003, at _____ a.m., and was detained in the main hallway from approximately _____ a.m. to _____ a.m. or was brought to the main hallway from another area of the building during that same time period. Additionally, I was required to remain in the main hallway of Stratford High School during the above-referenced time frame while the drug search was conducted and was not allowed to leave.

3.  I was otherwise subjected to a search or seizure at Stratford High School on November 5, 2003: *[explain]* _____

    _____

4.  I arrived at school by the following means:

    _____ bus  _____ car  _____ walked  _____ other (explain)

    _____

5.  Identify either by name or physical description all students, Stratford High School officials, and Goose Creek Police Department officers that were in your vicinity during the search:

_____

_____

6.  I informed the following Stratford High School personnel in the following manner that I was involved and/or subject to the November 5, 2003 drug search, including the date, time, and method of communication:_____

_____

7.  Identify all of the following that may apply:

_____  I was physically touched by a Goose Creek Police Department officer during the search.

_____  I was physically touched by a Stratford High School official during the search.

_____  I was handcuffed during the search.

_____  I was patted down by a Goose Creek Police Department officer during the search.

_____  I was patted down by a Stratford High School official during the search.

_____  I was in close proximity to the police dog during the search.

_____  My book bag was searched by a Stratford High School official during the search.

_____  I was threatened by _____ in the following manner:

_____

_____  As a result of the incident, I was treated by the following doctor(s) or mental health provider(s), and the total costs were $_____.

_____

8.  Identify any and all individuals who can verify that you were present in the areas of the Stratford High School building during the November 5, 2003 drug search.

_____

I, _____, understand that I am submitting this form in connection with legal proceedings that are currently pending before the Honorable P. Michael Duffy in the United States District Court for the District of South Carolina, Charleston Division, and bearing Civil Action numbers: 2:03-3845-23; 2:03-3943-23; and 2:04-2314-23. I verify that all information submitted in this form is truthful and accurate. I further acknowledge that if I provide any false information, I will be subject to penalty of perjury, 28 U.S.C. § 1746.

_____        _____
Signature of Student                     Signature of Parent
                                         (if student is under 18)

_____
Date

**This form must be completed and mailed to P.O. Box 1297, Charleston, South Carolina 29402 on or before May 5, 2006.**

**LEGAL NOTICE:**
**YOU MAY BE A PLAINTIFF IN A CLASS ACTION LAWSUIT**
**AND YOUR LEGAL RIGHTS MAY BE AFFECTED BY**
**THE PROPOSED SETTLEMENT DESCRIBED IN THIS NOTICE**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA CHARLESTON DIVISION

| | | |
|---|---|---|
| Maurice R. Harris, et al.,<br>    Plaintiffs, | ) | C.A. No. 2:03-3845-23 |
| vs. | ) | |
| George C. McCrackin, et al.,<br>    Defendants | ) | and |
| **and** | ) | |
| Carl Alexander, et al.,<br>    Plaintiffs, | ) | C.A. No. 2:03-3943-23 |
| vs. | ) | |
| Goose Creek Police Department, et al.,<br>    Defendants | ) | and |
| **and** | ) | |
| Dorene Bynoe, et al.,<br>    Plaintiffs, | ) | C.A. No: 2:04-2314-23 |
| vs. | ) | |
| George C. McCrackin, et al.,<br>    Defendants. | ) | |

**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION,**
**OPPORTUNITY FOR EXCLUSION FROM CLASS, DEADLINE FOR FILING**
**CLAIMS WITHIN THE CLASS, AND DATE OF COURT HEARING**

AN 11-PAGE NOTICE IS BEING MAILED BY ORDER OF THE COURT TO THE HOME ADDRESSES OF ALL STRATFORD HIGH SCHOOL STUDENTS WHO WERE PRESENT AT THE SCHOOL ON THE MORNING OF NOVEMBER 5, 2003.

**You are a member of "THE CLASS" if you meet the following definition:**

<u>**THE CLASS.**</u>  The "Class" shall consist of all Stratford High School students present at school on the morning of November 5, 2003, (the date that the drug search was conducted by the Berkeley County School District officials and the Goose Creek Police Department officers), who meet the following conditions:  (1) the student was physically present inside the main hallway at Stratford High School within the confines of where the drug search took place on November 5, 2003, between the approximate hours of 6:30 a.m. and 8:00 a.m. or was brought to the main hallway from another area of the building during that same time period; and (2) the student was required to remain in this area during the above-referenced time frame while the drug search was conducted and was not allowed to leave.

IF YOU ARE A MEMBER OF THE CLASS, OR A PARENT/GUARDIAN OF A MEMBER OF THE CLASS, AS DEFINED ABOVE, WHO IS A MINOR, THE NOTICE AND THE LAWSUIT DESCRIBED IN THE NOTICE MAY AFFECT YOUR RIGHTS AS A CLASS MEMBER OR THE RIGHTS OF YOUR MINOR CHILD. YOU MAY BE A MEMBER OF THE CLASS DESCRIBED IN THE NOTICE AND YOU MAY BE ENTITLED TO SHARE IN THE BENEFITS OF THE PROPOSED CLASS ACTION SETTLEMENT.

IF YOU ARE A MEMBER OF THE CLASS AND YOU DO NOT RECEIVE A COPY OF THE NOTICE IN THE MAIL, YOU MAY CALL (800) 834-3907 OR VISIT THE WEBSITE AT WWW.STRATFORDSETTLEMENT.COM TO OBTAIN A COPY OF THE NOTICE AND SETTLEMENT DOCUMENTS. ADDITIONALLY, YOU MAY REQUEST A COPY BY SENDING A WRITTEN REQUEST TO CLASS COUNSEL, PO BOX 1297, CHARLESTON, SC 29402. IF YOU FAIL TO TAKE ACTION BY MAY 5, 2006, YOUR RIGHTS WILL BE AFFECTED.

# EXHIBIT B

**EXHIBIT B**
**Berkeley County School District Agreement**

**Subject to final settlement of all claims and attorneys' fees.**

1.    The District Board of Trustees agrees to maintain and comply with Policy JCAB/JCAB-R (Searches, Student Interrogations and Arrests) in its present form adopted on February 24, 2004.    Any changes made to this policy through September 1, 2008, will be communicated to Gregg Meyers, Esq., on behalf of all Plaintiffs in the litigation.

2.    The District agrees that it will conduct annual in-service training for its administrators regarding the means by which to conduct student searches in accordance with State law (S.C. Code Ann. § 59-63-1110 through 59-63-1160) and District policy JCAB/JCAB-R through the 2007-08 school year.

3.    The School District and its agents, officials, and employees, shall take no retaliatory or punitive act or omission of any kind against any Plaintiff student or family who participated in this civil action, or who was involved in any way in the events of November 5, 2003, as a result of their involvement.  Any Plaintiff student involved in the search of November 5, 2003, shall be permitted to request a transfer to any other high school in the District and such request shall be approved.

4.    The District agrees that, at the request of any Plaintiff parent or Plaintiff student, it will place in the student's file at Stratford High School a statement that says the following:

> *[Name of student]* was present in the main hallway
> at Stratford High School on November 5, 2003,
> when the drug search took place.

Should any Plaintiff parent or Plaintiff student wish to place an additional letter in the file regarding the search, the administration will include it in the file.

5.    The Superintendent agrees to meet individually with any Plaintiff parent and/or Plaintiff student who wishes to meet with him following the complete settlement of the matter should they request to do so.

_____
Dr. J. Chester Floyd, Superintendent
Berkeley County School District

_____
Gregg Meyers, Esq.
Attorney for Plaintiffs

_____
Kathryn Long Mahoney, Esq.
Childs & Halligan, P.A.
Attorney for Berkeley County School District

1

# EXHIBIT C

**EXHIBIT C**
**Goose Creek Police Department Agreement**

## GOOSE CREEK CONSENT DECREE - ESSENTIAL TERMS AT MEDIATION SUBJECT TO SETTLEMENT OF ALL CLAIMS AND ATTORNEYS= FEES

## I.    GENERAL PROVISIONS

1.    This Consent Decree is made and entered into by the plaintiffs and by defendants GOOSE CREEK POLICE DEPARTMENT and THE CITY OF GOOSE CREEK in order to resolve the claims for injunctive relief made in *Alexander, et al. v. Goose Creek Police Department, et al.*, Case No. 2:03-3943B23 (United States District Court, District of South Carolina, Charleston Division, U.S. District Judge Patrick Michael Duffy).

2.    The above-named defendants ("the Police Defendants"), and their officials and the official=s successors in office, shall be obligated to perform the terms and conditions of this Consent Decree upon the filing of an Order of the District Court incorporating and approving the executed Consent Decree.  The date of the filing of the Court=s Order shall hereafter be referred to as the "Effective Date."

3.    The parties to this Consent Decree expressly request the District Court, in its Order Approving Consent Decree, to incorporate the terms of this Consent Decree and to retain jurisdiction over the case.  After the Court issues such an Order, it shall have and retain jurisdiction and authority to enforce this Decree by all appropriate means.

4.    Within 15 business days of the Effective Date, the Police Defendants shall mail or deliver a copy of the following documents to each and every Goose Creek police officer and supervisor: (a) this Consent Decree; (b) the Court=s Order Approving Consent Decree; ( c ) a copy of the new Goose Creek Police Department Standard Operating Procedure (S.O.P.) # ____ [TO BE WRITTEN, CONSISTENT WITH THIS DECREE, CONCERNING LAW

1

ENFORCEMENT ACTIVITIES ON SCHOOL PROPERTY] and the revised Goose Creek

Police Department S.O.P. # 95 [AMENDING # 95.IV.K.6 RE ASCHOOL SEARCHES@ TO

REFLECT THIS CONSENT DECREE] (attached hereto as Exhibit A); and (d) the letter from

Chief Harvey Becker (attached hereto as Exhibit B) [THIS LETTER IS A LETTER FROM THE

CHIEF TO HIS OFFICERS AND STAFF, EXPLAINING THE CONSENT DECREE AND

THE DEPARTMENT=S RESPONSIBILITIES].  Each such employee shall be required to sign a

statement that he or she has received the above documents, and the written statement shall be

included in the employee=s personnel file.  Each new employee of the Goose Creek Police

Department shall also be issued a copy of these documents within 15 business days of his or her

appointment, and a written acknowledgment or receipt shall be included in the employee=s

personnel file.

     5.    Within 15 business days of the Effective Date of this Consent Decree, and for the

life the Decree, the Police Defendants shall make available copies of the Consent Decrees and

the attached documents on the City=s website, http://www.cityofgoosecreek.com, and notice of

the Decree shall be posted in a conspicuous place at each public school in Goose Creek, with

copies of the full Decree available at each school for inspection and copying.  The Police

Defendants shall also promptly mail or deliver copies of the Consent Decree and the attached

documents to any citizen or employee of Goose Creek, or to any other interested person, upon

the person=s written request for same.

     6.    This Consent Decree shall remain in effect for a period of three years following

the Effective Date.

     7.    During the period that the Consent Decree is in effect, the Court may enforce the

Decree by all appropriate means *sua sponte* or upon a motion filed by any of the parties

2

(including one or more of the named plaintiffs) or by any other person with standing to seek to enforce the Decrees. Any person who is a student of the Stratford High School or any other school in Goose Creek at the time an enforcement action is brought (or their parents, guardians or legal representatives) has standing to seek to enforce the Decree. Nothing in this Consent Decree shall be construed to limit the Court=s inherent authority to enforce the Decree or its authority to enforce Court Orders pertaining to the Decree or to this civil action.

8.    Prior to filing any motion to enforce this Consent Decree, the complaining party shall raise the disputed issue(s), in writing, with the city attorney for the Police Defendants in an attempt to resolve such issues informally. If the parties are unable to resolve the issues informally within 30 days of such a written complaint any party may seek appropriate and immediate relief from the Court. The 30-day informal resolution period shall not apply where a temporary restraining order or other immediate relief is necessary to remedy otherwise irreparable violations or injuries.

9.    Any complainant who prevails on a motion to enforce this Consent Decree shall be a "prevailing party" within the meaning of 42 U.S.C. ' 1988 and governing case law, entitling the complainant to fair and appropriate statutory attorneys fees and costs to be paid by the Police Defendants.

10.    This Consent Decree shall be a complete defense as to the defendants GOOSE CREEK POLICE DEPARTMENT, THE CITY OF GOOSE CREEK, HARVEY BECKER, DAVID AARONS, and JOHN DOE police officer defendants, and their successors in office, to any claim, suit or action brought by the plaintiffs in any forum with regard to any matter covered by this Consent Decree. This Decree does not address, and shall not be a defense at to, the defendants BERKELEY COUNTY SCHOOL DISTRICT, GEORGE MCCRACKIN and the

3

School District JOHN DOE defendants, and their successors in office. This Decree does not cover the plaintiffs= claims for declaratory relief or money damages in this action.

11.    The requests for preliminary and permanent injunctive relief asserted against the Police Defendants in the Complaint in this civil action are hereby withdrawn, and the parties hereby request that the Court enter an Order dismissing those requests for injunctive relief with prejudice. All remaining claims, allegations and requests for relief asserted in the complaint continue in full force and effect.

## II.    LAW ENFORCEMENT ACTIVITIES ON SCHOOL PROPERTY.

12.    The policies, practices and procedures set forth in this Consent Decree apply to all law enforcement investigations, frisks, searches, detentions, interrogations, restraints, arrests, uses of force, and other law enforcement activities on School Property anywhere within the jurisdiction of the City of Goose Creek and the Goose Creek Police Department (hereinafter referred to as ALaw Enforcement Activities@). The term Auses of force@ shall include, but not be limited to, the use of firearms, police batons, chemical agents, defensive tactics, canine units, and restraining devices. The term Aschool property@ includes the grounds, buildings, plants and facilities of any school, and school buses wherever located.

13.    The law enforcement policies, practices and procedures set forth in this Consent Decree apply to, and shall govern, the actions of the Police Defendants, even in those circumstances where school officials initiate or are involved in the Law Enforcement Activity.

14.    As to the Effective Date of this Consent Decree, absent (a) voluntary consent or (b) probable cause and exigent circumstances, a warrant shall be required before the Police Defendants, or any employee, agent or representative thereof, may use or engage in Law

4

Enforcement Activities on School Property. For purposes of this provision, Law Enforcement Activities shall not include routine police patrols on School Property or police activities that are unrelated to crime detection or prevention, such as School Liaison and educational programs.

15.    In those case where a warrant requirement is imposed (*i.e.*, where there is (a) no voluntary consent or (b) no probable cause and exigent circumstances), the Law Enforcement Activities proposed to be conducted, and the uses of force proposed to be used by the Police Defendants, or their employees, agents or representatives, during the Law Enforcement Activity, shall be subjected to judicial control and shall be specifically enumerated in the warrant.

16.    In all cases of Law Enforcement Activities on School Property (whether a warrant is required or not), the Police Defendants shall limit uses of force to "situations or strong and compelling need as necessary for the protection of human life," as set forth in Goose Creek Police Department S.O.P. # 200.III, and shall "always use the least coercive among reasonable alternatives consistent with preserving public safety, order and individual liberty,@ as required by S.O.P. # 93.IV.B.1.

## III.    GOOSE CREEK POLICE DEPARTMENT STANDARD OPERATING PROCEDURES.

17.    The Police Defendants shall, on or before the Effective Date of this Consent Decree, execute, codify, publicize and enforce (a) the new Goose Creek Police Department S.O.P. # ___ [TO BE WRITTEN, CONSISTENT WITH THIS DECREE, CONCERNING LAW ENFORCEMENT ACTIVITIES ON SCHOOL PROPERTY], and (b) the revised Goose Creek Police Department S.O.P. # 95 [AMENDING # 95.IV.K.6 RE ASCHOOL SEARCHES@ TO REFLECT THIS CONSENT DECREE] (attached hereto as Exhibit A). The attached Standard Operating Procedures shall remain in effect for, at a minimum, the life of this Consent Decree.

5

## IV.    POLICE TRAINING.

18.    Goose Creek Police Department police officers, supervisors and all other Department staff with the responsibility to plan or execute Law Enforcement Activities on School Property shall receive mandatory and periodic training concerning the proper conduct of such Law Enforcement Activities and the limits of their authority in this context (ASchool Search and Detention Training@).

19.    The Police Defendants shall provide a minimum of 2 hours of School Search and Detention Training to all future Goose Creek Police Department employees as part of the employees= required pre-service training, and to all current Department employees within 30 days of the Effective Date.  Thereafter, the Police Defendants shall provide a minimum of one hour of such training to all current Department employees annually.

20.    At a minimum, the Department=s School Search and Detention Training Program shall consist of a thorough and detailed discussion of (a) the terms and requirements of this Consent Decree and the Court=s Order Approving the Consent Decree and (b) the requirements, policies and practices set forth in th attached Goose Creek Police Department Standard Operating Procedures.  Training materials are to be sent to Gregg Meyers.

## V.    REPORTING REQUIREMENTS.

21.    Biannually for the life of this Decree, the defendants shall provide to plaintiffs= counsel copies of all police reports from the preceding period concerning Law Enforcement Activities on School Property.  The Police Reports shall contain substantially the information described in paragraph 22 below.  In addition to providing the police reports, and in order that all interested parties (including the Court, the plaintiffs, the plaintiffs= families, other Stratford

6

High School students, citizens of Goose Creek, Goose Creek Police Department employees, and plaintiffs= counsel) shall have the ability, if necessary, to further monitor and to stay informed of the Defendants= progress and compliance with this Decree, the Defendants shall, on an ongoing basis, collect, compile and evaluate data concerning Law Enforcement Activities on School Property, and shall, at least biannually, be prepared to present this data in a written Compliance Report.  Counsel may request these items of information at any other times during the time period of this Order.

22.    The Compliance Report, if requested by plaintiffs= counsel, shall compile and evaluate data from all appropriate sources.  Plaintiffs= counsel shall have the right to request, and the defendants shall have the obligation to provide, such a biannual Compliance Report if the police reports produced by the defendants pursuant to the preceding paragraph are deemed by counsel to contain insufficient information to allow for meaningful review, or for any other reason, at plaintiffs= counsels= discretion.  The defendants shall provide a Compliance Report within 30 days of a request for same.  The Compliance Report shall include, for each Law Enforcement Activity on School Property executed during the preceding period (a) the date of the Law Enforcement Activity; (b) the identity (including name, rank and badge number) of the police personnel involved in any aspect of the planning and execution of the activity; ( c ) the identity of the students or other persons subjected to the Law Enforcement Activity, including their name (unless redaction is necessary to protect the student=s privacy), grade, age and race; (d) the locate of the Activity; (e) the nature of the activity (*.i.e*, search, arrest, use of canine unit, interrogation); (f) the date of any warrants issued and the identity of the issuing judge; (g) the exigent circumstances or voluntary consent, if any, that the Defendants believe excused the warrant requirement; (h) the results of the Law Enforcement Activity, *i.e.*, arrests made,

7

contraband found; (i) the nature of any oral or written complaints made by any person concerning the actions of police personnel in connection with the Law Enforcement Activity; and (j) the status of any such complaints, including the status of any internal or external investigations, any related findings and recommendations, and any related disciplinary or remedial measures recommended or imposed.  Where students= names have been redacted from the Compliance Report, and where learning their identity may assist with accomplishing meaningful investigations, monitoring and/or enforcement proceedings, plaintiff=s counsel may petition the Court for the release of the names upon such terms as the Court deems proper, and the defendants agree to not oppose such a petition.

23.    The Police Defendants shall attach to each Compliance Report (a) a copy of Law Enforcement Activity warrants issued during the preceding quarter; (b) the Police Department=s current School Search and Detention Training materials (or a certifications, if applicable, that the materials are identical to materials attached to previous Compliance Reports); ( c ) attendance sheets for pre-service and in-service training sessions conducted during the preceding quarter, listing the date(s) that the training sessions were conducted and the name, rank and badge number of all attendees; (d) copies of all School Search and Detention Training tests (or a certifications, if applicable, that the tests are identical to tests attached to previous Compliance Reports) and test results for the preceding quarter; (e) copies of all correspondence with Goose Creek school administrators pertaining to the Police Defendants= offers to conduct the "school classroom presentations" described in this Decree; and (f) written confirmation of the Defendants= compliance with the Police School Lunch Program described in this Decree, including the name, rank and badge number of each police officer and supervisor who participated in the Program during the preceding quarter, and the location and date of their

8

participation.

24.     The primary purposes of the Compliance Report is (a) to inform all interested parties concerning the Police Defendants= compliance with the terms, conditions and requirements of this Consent Decree, and (b) to measure the effectiveness of the Police Defendants= ongoing efforts to properly plan and execute Law Enforcement Activities on School Property.

25.     Immediately upon completion and signing, were applicable, the Police Defendants, or their counsel or other agent, shall mail a copy of the Compliance Report, with all attachments, to plaintiffs= counsel, Gregg Meyers.  Plaintiffs= counsel may file copies of any Compliance Report, and copies of any police report, with the Court at any time.

26.     The Compliance Report shall be accompanied by a written statement, signed by Chief Becker or his successor in office, certifying the accuracy and completeness of the Report and the underlying data, and certifying that the Police Defendants are in compliance with all of the terms and requirements of this Consent Decree, or explaining, where necessary, any deviation from, or failure to comply fully with, any provision of this Decree.  All underlying data shall be stored, for at least 24 months following each Compliance Report, in the custody and control of the Police Defendants, and shall be made available to plaintiffs= counsel or their designees upon a request for same.

27.     The Police Defendants may designate portions of the Compliance Reports that must remain confidential, in order to protect the privacy of students or to protect ongoing law enforcement investigations or confidential informants.  Such confidentiality designation may be challenged by the plaintiffs through an appropriate motion with the Court; however, those designated portions shall remain confidential, and shall not be disclosed by plaintiffs= counsel,

9

unless and until such a favorable ruling is rendered, plaintiffs= counsel shall submit such

designated portions to the Court as part of a Consent Decree enforcement proceeding, if any,

under seal.

## VI.    CONSTRUCTION OF THIS CONSENT DECREE

28.    For purposes of construing this Consent Decree, neither the plaintiffs nor the

defendants shall be considered its sole or primary authors.  It is a jointly-drafted document.  Any

rules of construction that interpret contract terms against the drafter shall not apply.

IT IS SO STIPULATED.

THE PLAINTIFFS


BY _____


THE POLICE DEFENDANTS

BY _____
    Chief Harvey Becker

BY _____
    Donna Givens

Exhibit A

Goose Creek Police Department Standard Operating Procedure (S.O.P.) # ___

[TO BE WRITTEN, CONSISTENT WITH THIS DECREE, CONCERNING

LAW ENFORCEMENT ACTIVITIES ON SCHOOL PROPERTY] and the

revised Goose Creek Police Department S.O.P. # 95 [AMENDING # 95.IV.K.6

RE ASCHOOL SEARCHES@ TO REFLECT THIS CONSENT DECREE]


Exhibit B

Letter from Chief Harvey Becker (LETTER FROM THE CHIEF TO HIS

OFFICERS AND STAFF, EXPLAINING THE CONSENT DECREE AND THE

DEPARTMENT=S RESPONSIBILITIES].

11

# EXHIBIT D

## CLAIMS ADMINISTRATOR PROTOCOL

### Purpose

1.      Claims Administrator is being appointed pursuant to Order of the court to inventory and process response forms; class opt-out questionnaire forms and claim forms. Claims Administrator will make findings, based on the administrator's review of the claim form, supporting documentation and any additional reasonable inquiry that will detail the following:

    a.      Whether claimant, who timely files a claim form, is a member of the class and entitled to compensation;

    b.      What subclass each qualifying class member is determined a member of;

    c.      Whether claimant received medical care as a result of the incident; and if so, the amount spent on incident related treatment; and

    d.      To calculate claim compensation including medical reimbursement and to account for settlement funds disbursed.

### Deadlines

1.      May 5 - all opt-out questionnaires to be postmarked no later than;

2.      July 28 - all completed claim forms to be postmarked no later than; and

3.      September 30 – projected filing of final report and accounting.

### Deposit of Settlement Funds

1.      The parties agree that Class counsel will be holder of the settlement funds for the medical reimbursement fund, and the personal injury compensation fund. The parties will provide to Class counsel their portion of such funds after the Court's hearing on final approval.

2.      When a claim is accepted by the claimant, Claims Administrator will issue a request for check to claimant to be drawn by Class counsel. Class counsel will issue disbursement checks as directed by Claims Administrator.

3.      Retention of Claims Administrator's Files – Class counsel will take possession of the Claims Administrator's files and hold for six (6) years.  Class counsel may then destroy these files.

## Claim Administrators' Use of Guardian Ad Litem

1.      Claims Administrator is aware that a Guardian Ad Litem has been appointed by the Court to assist Class Counsel, the Court, and the Administrator in the process as it relates to minors. As necessary, the Claims Administrator may contact the Guardian Ad Litem for assistance with administration of the settlement as it relates to minors.

2.      Claims Administrator will be authorized to request that the Guardian Ad Litem contact any minor on the "student list" as defined herein who are not Representative Students to insure that the minor is in receipt of the class notice, the minor's legal rights and the necessity to complete the claim forms.

3.      If Claims Administrator is to make a request of the Guardian Ad Litem, Claims Administrator will request the Guardian to make notes or keep a log of any contact she has on behalf of Claims Administrator so that Claims Administrator may include such information in each respondent's file.

## General Protocol

1.      Claims Administrator is aware that Class Counsel is receiving claim forms, opt-out questionnaires, and other settlement relate correspondence and will deliver copies of

response statements, opt-out questionnaires, claim forms and additional documentation to Claims Administrator daily/3x/week to Claims Administrator.

    a.      Upon receipt of class settlement documentation, Claims Administrator will open a file on each respondent. Copies of all materials will be maintained in each respondent's file by Claims Administrator including notes; and after the final report is issued by Claims Administrator, the files will be delivered to Class counsel who shall retain them for six (6) years;

    b.      In making findings, Claims Administrator has the authority to investigate claims and such powers include the ability to contact the Guardian Ad Litem and Class counsel/Defense counsel to obtain data and factual information reasonably necessary to make findings. Such information would include, but is not limited to, bus schedules, copies of surveillance films detailing the incident, passengers, pick-up locations, sequence or timelines of events and the like. Claims Administrator will detail in a writing and place a copy of the writing in claimant's file of any investigation and contact with third parties.

    c.      As part of the process, Claims Administrator is vested with the power to conduct investigations including contacting teachers or current employees of the Berkeley County School District who are identified in a claimant's submissions. Claims Administrator must make a request to contact Berkeley County School District employees through the District's attorney, Kathryn Long Mahoney at (803) 254-4035. Counsel has the option of participating in the Claim Administrator's discussions with District employees, but it is not necessary for counsel to be present on the call.

**Initial Determination**

      1.     After opening the respondent's file, Claims Administrator, if any action or response is needed, will document this in the file.

      2.     As new information or claim forms are added to a file, Claims Administrator will again determine if action or response is necessary. This determination shall be documented in the file.

**Presumptions for Class Membership**

      1.     Claims Administrator will be provided a list of 140 students that the parties agree, a good faith basis exists and justifiable reasons exist, to treat that group as being present in the main hallway on November 5, 2003 and who will be presumed to be class members, the "Student List". This list is confidential and used for settlement purposes only. It cannot be used by any respondent in subsequent civil litigation to establish a student presence during the drug search. The Student List may be shared and used by the Guardian Ad Litem.

      2.     With each respondent/claimant file, Claims Administrator will determine if such respondent is on the "Student List". The Student List should include all Representative Students. Claims Administrator will make a determination whether respondent is identified on the Student List. The final report of Claims Administrator will be required to identify these findings, even as it relates to opt-outs.

      3.     If the student is not identified on the Student List, such claimant must establish by a preponderance of the evidence that they are class members and entitled to compensation.

      4.     Claims Administrator will also be provided with a list of class representatives and other named plaintiffs. This list of "Representative Students" includes _____ names.

These claimants are presumed to classify for treatment as subclass 1 members, entitled to that compensation.

5.     Claim forms for the "Representative Students" can be filled out and submitted by the Representative Student's attorney.

6.     Upon receipt of claim form and identification of claimant as a Representative Student, Claims Administrator will notify Class Counsel of claimant's class membership and compensation findings. Such notice will include the appropriate release and check request.

7.     Class Counsel will have the obligation of sending Representative Students' release to claimant or guardian for execution and return to the Claims Administrator.

8.     Claims Administrator will have a reasonable amount of time, not to exceed fifteen (15) days, after receipt of a claim form, to make a determination as to whether claimant is a class member and what subclass, if any; the class member is a member of.

**Medical Care Determination**

1.     Medical treatment - for claimants indicating they received treatment by a doctor and/or mental health provider as defined in the Settlement Agreement, Claims Administrator is authorized to make a determination on the following: was the medical treatment received by claimant <u>and</u> was the medical treatment related to the incident?

2.     If claimant does not include medical records with the claim, Claims Administrator will receive a HIPPA authorization from claimant. HIPPA forms will be available on the website. Claimant must return HIPPA authorization with claim form. **Costs of obtaining medical records to verify will be paid out of the medical reimbursement fund.**

3.     Claims Administrator will be authorized in the HIPPA authorization to make contact with and speak with all health care providers identified by claimant. Claims

Administrator may request copies of medical records and contact physicians and health care providers with the appropriate HIPPA authorization to confirm treatment by the claimant and to discuss whether the care was incident related. Claims Administrator is only required to make a determination on medical treatment if the claim form has properly identified that medical and/or health treatment was received by treatment.

4.      Claims Administrator will notify in short, brief statement, in its findings, for claimants making a medical reimbursement claim necessary to be a member of subclass, what medical providers were found to have administered care and the costs associated for such care. If in the course of its investigation, the Administrator determines that health care benefits were received by claimant, but such health care benefits were paid by an insurer or other third party and such third party has a right to be reimbursed, Claims Administrator will identify that as a finding and will be authorized to request reimbursement on behalf of the student.

5.      If after investigation, Claims Administrator finds there was no medical related medical care, a short description for basis of findings will be necessary and included in the Letter of Notification.

**Notification of Findings**

1.      Once a determination on class membership and/or medical care has been made, Claims Administrator will issue a Letter of Notification to the claimant identifying the findings. **\*NOTE — we can draft exemplar letter not necessary for protocol to be used in these instances.**

2.      Claims Administrator has agreed to use class counsel approved form letters or Class counsel will authorize form letters used by Claims Administrator. **Do we want these letters to claimants sent certified?**

3.      Each letter to the claimant will identify whether the claimant is a member of the class. If the claimant is not a member of the class, no further determination with regard to claim needs to be made.

4.      If claimant is found to be a member of the class, the letter will inform the claimant that they have been found to be a member of subclass 1 or 2 and a projection of the settlement amount. The letter will include a copy of the release to be executed by claimant or a guardian. The letter will notify the claimant the offer can be accepted by contacting _____ (800 number) or class counsel. **(Maybe we could put something on the website for this acceptance of settlement. It would need to be a secured site.)** The Claims Administrator's notification to claimants will also state that if the findings of Claims Administrator are disputed, the claimant must contact, in writing, Claims Administrator and notify of dispute.

5.      The letter would identify that students have 7 days in which to notify, in writing, Claims Administrator of any disputed findings.

a.      Upon receipt of a letter from claimant disputing or questioning Claim Administrator's findings, Claims Administrator will have the option and ability to meet with the claimant in an attempt to resolve outstanding issues prior to the finding being deemed Final and subject to review as identified in the Settlement Agreement.

b.      If Claim Administrator within 15 days of receiving a letter questioning findings or disputing findings, and after completion of any further attempts to resolve the issues, Claims Administrator will issue a letter of final finding to the claimant. The final finding letter will identify Claim Administrator's finding as it relates to

class and/or subclass membership and identify the protocol for initiating review by court intervention.

    c.    Claims Administrator has the authority to contact claimants and to follow up as necessary to obtain completed forms, authorizations, releases and the like.

## Acceptance of Offers

1.    Once Claims Administrator is notified that a claimant has accepted the offer and has the executed release, Claims Administer will notify within two (2) business days Class counsel of such acceptance and make request for issuance of check. Calculations will be based on the information available to Claims Administrator in terms of total numbers of participating class members.

## Costs

1.    The costs of Claims Administrator are to be borne by the parties as defined in the Settlement Agreement. Claims Administrator will be reimbursed at $75/hour for work. Claims Administrator will be required to keep a record of the time spent n class settlement activities and submit the invoice for payment to Class counsel on a monthly basis. The invoice for Claims Administrator's work shall include a detailed description of costs incurred by Claims Administrator. Costs to be reimbursed include the following: copying, postage, faxes, reasonable office supplies and the like.

## Accounting

1.    Claims Administrator will be responsible for preparing and filing with the Court a final accounting. The final accounting should detail the number of class members, class members in subclass 1, total compensation paid to subclass 1 members, a breakdown of individual subclass 1 member's compensation; an accounting of all medical bills and/or liens reimbursed by

Claims Administrator for subclass 1 students; the total claimants in subclass 2; total compensation paid to subclass 2 members and an individual breakdown of subclass 2 member's compensation.

      2.      The accounting will detail what percentages of the Affected Students Fund, as defined in the Settlement Agreement, was applied to subclass 1 and subclass 2. Claims Administrator in determining what percentage of the Affected Students Fund will be devoted to subclass 1 and subclass 2 damages is based upon a sliding scale identified in the Settlement Agreement - Section 11.3(b). Claims Administrator understands that the percentages to be applied to the affected students fund is based upon the total number of class members and total number of qualifying claims made.

      3.      The accounting will include all worksheets maintained by Claims Administrator.

      4.      Class Counsel will cooperate and assist Claims Administrator with any and all necessary accounting records maintained by Class Counsel as part of its processing of settlement funds.

**Report to Counsel**

      1.      Claims Administrator will make reasonable efforts to communicate with Class counsel and defense liaison counsel with its work and progress. Such reports may be informal and are designed to allow Claims Administrator to obtain assistance, report problems and discuss any unforeseen events. It is requested that reporting to counsel will also be used to advise on projected timing of operation, costs and expenses associated with processing the claims and any reoccurring costs that should be addressed.

**Final Report/Wrap-Up of Operation**

1.    Prior to concluding operation of Claims Administrator, Claims Administrator will be required to file with the Court a report detailing Claims Administrator's work in the action. The final report will include a short description of the people utilized by Claims Administrator, general approach to organization and administration of the claims and a description or summary of the total number of claims and/or inquiries responded to.

2.    The final report will also include a detailed listing of any and all opt out forms received by Claims Administrator which shall be attached to the final report and filed with the Court.

3.    The final report should also make reference and confirm the filing of a final accounting with the Court. The final report will also request the Court to issue an Order relieving Claims Administrator of any and all obligations under the Order approving final settlement.